IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILIA KERTSMAN | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. |
| LIFEWAY FOODS, INC. | ) ) |
| Defendant. | ) ) ) |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Ilia Kertsman ("Kertsman") by and through his attorneys, Neal, Gerber & Eisenberg LLP, brings this Complaint for Declaratory Relief against defendant Lifeway Foods, Inc. ("Defendant") and states as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief under 28 U.S.C. § 2201. Kertsman seeks a declaration from this Court that his continued use of the trademark КРЕСТЬЯНСКОЕ МАСЛО in connection with butter: (1) does not infringe Defendant's alleged trademark rights under 15 U.S.C. § 1114(1)(a); and (2) does not constitute false designation of origin under 15 U.S.C. § 1125(a). Kertsman also seeks a declaration of equitable estoppel prohibiting the enforcement of any alleged trademark rights that Defendant claims that it has in the term, КРЕСТЬЯНСКИЙ. Finally, Kertsman seeks an award of his attorneys' fees, expenses, and costs incurred in connection with this action, and any other relief the Court deems just and proper.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over Kertsman's federal claims pursuant to 28 U.S.C. § 1331, § 1338, and § 2201.

3. This Court has personal jurisdiction over Defendant because Defendant transacts business within this State and District and has otherwise made and established contacts within this State and District sufficient to permit the exercise of personal jurisdiction.

4. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is within this District.

## THE PARTIES

5. Plaintiff Ilia Kertsman is an individual with an address of 16325 NE 44th Ct., Redmond, Washington.

6. Defendant Lifeway Foods, Inc., is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Morton Grove, Illinois.

## FACTS COMMON TO ALL COUNTS

7. Defendant is the owner of U.S. federal trademark registration number 2,187,363 for the КРЕСТЬЯНСКИЙ, which registered on September 8, 1998, for use in connection with "cheeses, cottage cheeses and other milk products, excluding ice cream, ice milk and frozen yogurt" in International Class 29. Defendant's alleged first use date of the above-mentioned term is listed as January 15, 1989. A copy of Defendant's certificate of registration is attached hereto as Exhibit A.

8. Defendant manufactures kefir, a cultured drink, which it allegedly sells under КРЕСТЬЯНСКИЙ in the United States.

9. On February 26, 2011, Kertsman filed a federal trademark application for the mark КРЕСТЬЯНСКОЕ МАСЛО for use in connection with butter, in International Class 29. Kertsman's application was assigned serial number 85/252,481.

10. The United States Patent and Trademark Office approved Kertsman's application on December 21, 2011, and Kertsman's КРЕСТЬЯНСКОЕ МАСЛО mark was published in the Trademark Official Gazette on January 10, 2012.

11. Despite having an opportunity to oppose Kertsman's trademark application during the publication period, Defendant did not oppose Kertsman's КРЕСТЬЯНСКОЕ МАСЛО mark during that time.

12. On March 27, 2012, Kertsman's КРЕСТЬЯНСКОЕ МАСЛО mark registered as U.S. federal trademark registration number 4,117,264 for use in connection with "[d]airy [p]roduct, [n]amely, [b]utter" in International Class 29. A copy of the certificate of registration for the mark КРЕСТЬЯНСКОЕ МАСЛО is attached hereto as Exhibit B and incorporated by reference. The mark, as depicted on the registration, is reproduced below:



13. Kertsman began producing and distributing butter under his КРЕСТЬЯНСКОЕ МАСЛО mark in 1995. Kertsman has been offering his butter for sale in the U.S under the КРЕСТЬЯНСКОЕ МАСЛО mark since before the filing date of U.S. registration number 4,117,264, which was filed on February 26, 2011. On an annual basis, Kertsman generates substantial profits in connection with butter that is sold under the КРЕСТЬЯНСКОЕ МАСЛО mark.

14. Since the date of first use through the present, all butter bearing the КРЕСТЬЯНСКОЕ МАСЛО mark has been sold in packaging that also prominently bears the Kertsman's Fine Foods logo (as shown below), which serves to further identify Kertsman's company as the source of the butter bearing the КРЕСТЬЯНСКОЕ МАСЛО mark.



15. Over the last 20 years, Kertsman has expended time, energy, and resources to produce, market, and sell butter under the КРЕСТЬЯНСКОЕ МАСЛО mark. As a result of this longstanding, exclusive, and continuous use, and as a result of Kertsman's sale of butter under the КРЕСТЬЯНСКОЕ МАСЛО mark, КРЕСТЬЯНСКОЕ МАСЛО has acquired substantial goodwill and trademark distinctiveness in the minds of the relevant consuming public.

16. As a further result of this longstanding, exclusive, and continuous use, the relevant consuming public has come to associate the КРЕСТЬЯНСКОЕ МАСЛО mark and goods bearing the mark with Kertsman and Kertsman alone.

17. While each of the terms at issue are expressed in Russian, Kertsman's КРЕСТЬЯНСКОЕ МАСЛО mark translates to "Village Butter," and Defendant's designation translates to "peasant." When used in connection with their respective goods, the terms have distinct meanings, thus preventing any likelihood of confusion among the goods' relevant consumers, which are largely comprised of members of the Russian-speaking community.

18. It is therefore not surprising that Kertsman's butter that is sold under the КРЕСТЬЯНСКОЕ МАСЛО mark and Defendant's kefir have coexisted for many years without any appreciable confusion.

19. Despite Kertsman's longstanding use and registration of his КРЕСТЬЯНСКОЕ МАСЛО mark, neither Defendant nor any other entity or individual objected to Kertsman's use of the КРЕСТЬЯНСКОЕ МАСЛО mark for butter until Defendant's objection, as alleged herein, in 2017.

20. On or about March 24, 2017, just three days before the five-year anniversary of Kertsman's registration of his КРЕСТЬЯНСКОЕ МАСЛО mark, Defendant commenced cancellation proceedings before the Trademark Trial and Appeal Board in an effort to cancel Kertsman's registration of his КРЕСТЬЯНСКОЕ МАСЛО mark for butter.

21. Among other allegations, Defendant's Petition to Cancel Kertsman's КРЕСТЬЯНСКОЕ МАСЛО mark alleged that "[t]he [КРЕСТЬЯНСКОЕ МАСЛО] Mark is confusingly similar to [Defendant's Mark], and the registration and use of the [КРЕСТЬЯНСКОЕ МАСЛО] Mark by [Kertsman] in association with [Kertsman]'s goods, and is likely to mislead consumers, all to [Defendant]'s detriment." It further alleged that Kertsman's КРЕСТЬЯНСКОЕ МАСЛО mark "is likely to cause confusion in the minds of the public, and is likely to deceive purchasers. The public, upon seeing the [КРЕСТЬЯНСКОЕ МАСЛО] Mark in connection with the goods in Registration No. 4,117,264, would mistakenly believe that such goods originate with, or are approved by, sponsored by, or affiliated with [Defendant]…"

22. Since initiating the cancellation proceedings with the Trademark Trial and Appeal Board, Defendant's counsel has made it clear that Defendant not only expects to cancel Kertsman's registration of the КРЕСТЬЯНСКОЕ МАСЛО mark, but also expects Kertsman to abandon the КРЕСТЬЯНСКОЕ МАСЛО mark altogether and cease any and all use of the КРЕСТЬЯНСКОЕ МАСЛО mark in the future.

23. Defendant's effort to prohibit Kertsman from using the КРЕСТЬЯНСКОЕ МАСЛО mark altogether interferes with Kertsman's ability to continue use of his mark for butter and with his legitimate business operations.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT
## UNDER THE LANHAM ACT (15 U.S.C. § 1114)

24. Kertsman repeats and re-alleges each allegation contained in Paragraphs 1 through 23 as if fully set forth herein.

25. A justiciable and actual controversy exists before this Court with respect to whether Kertsman's continued use of КРЕСТЬЯНСКОЕ МАСЛО in connection with his butter infringes any of Defendant's alleged rights under the Lanham Act, 15 U.S.C. § 1051 *et. seq*.

26. Kertsman's continued use of the КРЕСТЬЯНСКОЕ МАСЛО mark for his butter is not likely to cause confusion as to the source or sponsorship with regard to Defendant.

27. The parties' concurrent use of their marks in the U.S. for many years underscores that there is no likelihood of confusion between the marks now or in the future.

28. Kertsman's continued use of the КРЕСТЬЯНСКОЕ МАСЛО mark for his butter does not and will not infringe any rights of Defendant under 15 U.S.C. § 1114(1)(a).

29. Kertsman accordingly requests a declaration from the Court that his continued use of КРЕСТЬЯНСКОЕ МАСЛО for butter does not infringe any of Defendant's alleged rights under 15 U.S.C. § 1114(1)(a).

## COUNT II
## DECLARATION OF NO FALSE DESIGNATION
## OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

30. Kertsman repeats and re-alleges each allegation contained in Paragraphs 1 through 29 as if fully set forth herein.

31. A justiciable and actual controversy exists before this Court with respect to whether Kertsman's continued use of КРЕСТЬЯНСКОЕ МАСЛО in connection with butter infringes any of Defendant's alleged rights under the Lanham Act, 15 U.S.C. § 1051 *et. seq*.

32. Kertsman's continued use of the КРЕСТЬЯНСКОЕ МАСЛО mark for butter is not likely to cause confusion as to the source or sponsorship with regard to Defendant.

33. The parties' concurrent use of their marks in the U.S. for many years underscores that there is no likelihood of confusion between the marks now or in the future.

34. Kertsman's continued use of the КРЕСТЬЯНСКОЕ МАСЛО mark for butter does not and will not infringe any rights of Defendant under 15 U.S.C. § 1125(a).

35. Kertsman accordingly requests a declaration from the Court that his continued use of КРЕСТЬЯНСКОЕ МАСЛО for butter does not infringe any of Defendant's alleged rights under 15 U.S.C. § 1125(a).

**COUNT III**
**DECLARATION THAT THE DOCTRINES OF EQUITABLE ESTOPPEL, LACHES, AND ACQUIESCENCE PROHIBIT DEFENDANT'S ENFORCEMENT**

36. Kertsman repeats and re-alleges each allegation contained in Paragraphs 1 through 35 as if fully set forth herein.

37. The doctrines of equitable estoppel, laches, and/or acquiescence bar Defendant's claims for trademark infringement and false designation of origin under the Lanham Act on the basis of likelihood of confusion because Defendant's delay in pursuing its claims against Kertsman is inexcusable and has substantially prejudiced Kertsman.

38. Kertsman relied to his detriment on Defendant's delay in asserting its claims for more than twenty years after Kertsman commenced use of the mark, for six years after Kertsman

filed an application to register his mark, and for approximately five years after Kertsman obtained a federal trademark registration for his КРЕСТЬЯНСКОЕ МАСЛО mark.

39. Kertsman's use of the КРЕСТЬЯНСКОЕ МАСЛО mark was open and notorious and was known or should have been known by Defendant, such that Defendant's current objection is not justified or excused in law or in equity.

40. Kertsman's registration of the КРЕСТЬЯНСКОЕ МАСЛО mark provided Defendant with constructive notice of his exclusive rights in the mark for butter since at least as early as the registration date of March 27, 2012, such that Defendant's current objection is not justified or excused in law or in equity.

41. Kertsman is prejudiced and will continue to be prejudiced by Defendant's actions. Defendant seeks to destroy the years of effort and the time, energy, and resources that Kertsman has devoted to his КРЕСТЬЯНСКОЕ МАСЛО brand.

42. By Defendant's inaction complained of herein, Defendant has relinquished any and all rights it might ever have to object to the use by Kertsman of КРЕСТЬЯНСКОЕ МАСЛО.

43. Kertsman requests a declaration from this Court that Defendant is barred by the equitable doctrines of estoppel, laches, and acquiescence from challenging Kertsman's continued use of his КРЕСТЬЯНСКОЕ МАСЛО mark for butter.

WHEREFORE, Kertsman respectfully requests that this Court enter judgment on each count of this Complaint as follows:

A. Declaring that Kertsman's continued use of КРЕСТЬЯНСКОЕ МАСЛО does not:

(1) Constitute trademark infringement under 15 U.S.C. § 1114(1)(a); or

(2) Constitute false designation or origin under 15 U.S.C. § 1125(a).

B. Declaring that Defendant is barred by the equitable doctrines of estoppel, laches, and/or acquiescence from challenging Kertsman's continued use of КРЕСТЬЯНСКОЕ МАСЛО;

C. Permanently enjoining Defendant and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, in challenging Kertsman's use of the КРЕСТЬЯНСКОЕ МАСЛО Mark for butter;

D. Finding this case to be exceptional under 15 U.S.C. § 1117(a);

E. Awarding Kertsman his attorneys' fees, expenses, and costs incurred in this action pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. § 1920; and

F. Awarding Kertsman such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 12, 2018        By:   /s/ Kara C. Smith
                                       One of Plaintiff's attorneys


Lee J. Eulgen
Kara C. Smith
NEAL, GERBER & EISENBERG, LLP
Two North LaSalle, Suite 1700
Chicago, Illinois 60602
T: (312) 269-8000
leulgen@nge.com
ksmith@nge.com
*Attorneys for Plaintiff Ilia Kertsman*